WRIGHT et v. RAND et.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided June 8, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**REAL ESTATE.**

(510 C3) Terms, of written contract, having been altered by grantor before signing and such alteration not having been communicated to grantee, there was no mutuality between parties and specific performance could not be decreed.

**CONTRACTS.**

(150 E) Minds of parties not having met, vendee is entitled to return of earnest money.

M. C. Carman, Youngstown, for Wright, et.

George, Roberts & Barrett, Youngstown, for Rand, et.

HISTORY:—Action in Common · Pleas by John and Margaret Wright against Rand and others to recover earnest money paid on contract to buy real estate. Heard on appeal. Decree for Wrights. No action in Supreme Court prior to publication date.

STATEMENT OF FACTS.

It is alleged in the petition that on the 20th day of October, 1927, plaintiffs entered into a contract with Mary E. Rand, through her agents, C. E. Taylor and J. A. Burkholder, for the Benefit of Mary E. Rand, and subject to her approval, for the purchase of 67 acres of land in Trumbull County. It is further alleged that Mary E. Rand represented herself to plaintiffs as the executrix of the estate of Matilda Everett, deceased, and was designated in the contract as "Administrator." At the time of the signing of said contract plaintiffs paid to the agents the sum of 500.00 to apply upon the purchase price of said premises. The contract was made in duplicate and the copy delivered to plaintiffs was signed by the agents individually and the plaintiffs, but does not bear the signature of Mary E. Rand. The copy retained by her or her agents below contained the following written endorsement: "The above sale and terms are satisfactory with the exception that the first mortgage mentioned above for the term of three years shall be paid on or before one year."

The prayer of the petition is for the recovery of $500.00 paid as earnest money upon the making of the contract, with interest thereon. The cause was heard in the court below and judgment entered and from which an appeal is perfected in this court.

FARR, J.

There is some dispute here with reference to the period for which a mortgage of $5,000 was to run and as to whether or not Mary E. Rand had consented to a three year period, and in this behalf it is contended that there was endorsed upon her copy of the contract the paragraph above set out. However, it is not shown that this fact was ever communicated to the plaintiffs or that such endorsement was made upon the contract held by them, it having been their desire that the mortgage for $5,000, together with the note secured thereby, should run for a period of three years, and this being the situation as to the proof, it follows that this alteration in the terms of the original contract so changed its terms and conditions as to render it null and void.

To establish this principle does not require the citation of authorities because it is a rule well recognized in practically every jurisdiction, as announced in Elliott on Contracts, Sections 3841 and 3843; 1 Parson on Contracts, 491, and the numerous cases cited as sustaining the text.

It is not shown that the endorsement on the copy of the contract held by Mrs. Rand with reference to a change in the terms of their original contract was ever communicated to the plaintiffs herein. There is, therefore, no valid contract between them. Consequently, specific performance can not be decreed for the

reason that the contract was never completed; that is, there was no mutuality between the parties, and it follows that the plaintiffs are entitled to recover the sum paid upon the original contract, which is $500.00. Judgment accordingly.

(Pollock and Roberts, JJ., concur.)